**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**BRYAN GORMAN,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40248-CJP** |

**MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF**
**SETTLEMENT OF ADMINISTRATIVE CLAIMS ASSERTED AGAINST ZAANA-17,**
**LLC BY FRANK GORMAN, BRYAN GORMAN, KEITH GORMAN,**
**AND SOUTHERN END REALTY, LLC**

NOW COMES Joseph H. Baldiga, Chapter 7 Trustee (the "Trustee" or the "B. Gorman Trustee") in the above-captioned Chapter 7 case of Bryan Gorman ("Bryan" or the "Debtor"), and requests that this Court enter an order approving an agreement by and among the Trustee, Steven Weiss, as Chapter 7 Trustee for Zaana-17, LLC (the "Zaana Trustee"), Jonathan Goldsmith, as chapter 7 Trustee for Frank Gorman (the "F. Gorman Trustee"), Keith Gorman as debtor in possession ("Keith" or "K. Gorman") and Southern End Realty, LLC ("SER") regarding payment of certain alleged administrative claims asserted against Zaana-17, LLC ("Zaana"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and MLBR 9019-1.  In support thereof, the Trustee respectfully states as follows:

1. On March 30, 2023, Bryan Gorman, the debtor herein, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  The Trustee was appointed Chapter 7 trustee on March 31, 2023 and continues to serve as Chapter 7 trustee in this case.

2. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

3. On December 16, 2020, Zaana filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Zaana's case was converted to a Chapter 7 case on April 21, 2022 (the "Zaana Case") and the Zaana Trustee is serving as the Chapter 7 trustee.

4. While Zaana's case was in Chapter 11, Zaana completed construction of and sold eight homes in the "Vineyards" subdivision in Pelham, New Hampshire. In the course of the case, funds were retained by Zaana as "carve outs" pursuant to Bankruptcy Code § 506(c). When Zaana's case was converted to Chapter 7, Zaana's counsel remitted the sum of $279,814.26 to the Zaana Trustee.

5. The Court entered an order in the Zaana Case setting a deadline of August 29, 2022 for parties to file administrative claims.

6. On February 16, 2022, SER, K. Gorman and Bryan Gorman jointly filed in the Zaana Case the Motion of Southern End Realty, Bryan Gorman, and Keith Gorman for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Dkt. No. 215, the "SER Motion"). As set forth therein, the claimants assert that they are jointly entitled to an administrative priority claim in the net amount of $254,000.00.

7. On March 15, 2022 Frank Gorman filed in the Zaana Case his Motion of Southern End Realty, Bryan Gorman, and Keith Gorman for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Dkt. No. 223, the "F. Gorman Motion"). As set forth therein, Frank Gorman asserts that he is entitled to an administrative priority claim in the amount of $112,000.00.

8. The Zaana Trustee filed multiple oppositions to the SER Motion and the F. Gorman Motion (the "Objections"), and several creditors also filed objections.

9. On November 15, 2022 Keith Gorman filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Hampshire Docket No. 22-10563-BAH, and remains a debtor in possession in that case.

10. On December 12, 2022 the Zaana Trustee filed in the Zaana Case his Second Motion of Chapter 7 Trustee for Approval of Agreement Concerning Certain Administrative Claims (Dkt. No. 322, referred to herein as the "Compromise Motion").  Keith filed a similar motion in his chapter 11 case.

11. On January 10, 2023—the day before the hearing on approval of the Compromise Motion—Bryan and Keith filed a limited objection (Dkt. No. 363, the "Gorman Objection").  As set forth in more detail therein, Bryan and Keith asserted (purportedly) for the first time that their claims against Zaana constituted wage claims for which they were entitled to treble damages and attorneys' fees.

12. As a result of the Gorman Objection, the Zaana Trustee withdrew the Compromise Motion.

13. Since the withdrawal of the Compromise Motion, the Zaana Trustee, Keith, and Bryan have engaged in extensive discovery regarding the SER Motion and the F. Gorman Motion.

14. Bryan Gorman filed his chapter 7 petition with this Court (initiating this case) on March 30, 2023.  In his amended schedules, Bryan lists his claim against Zaana in the amount of $75,000.00, and claims an exemption in the amount of $10,739.00.

15. Frank Gorman ("Frank") filed a chapter 7 petition with this Court on March 31, 2023 (Case No. 23-40257-CJP).  Jonathan Goldsmith is the (successor) Chapter 7 Trustee.  In his

schedules, Frank lists his claim against Zaana-17 in the amount of $112,000.00, and claims an exemption in the amount of $6,000.00.

16. Frank's and Bryan's alleged claims (together, the "Gorman Claims") are property of their respective bankruptcy estates, subject to their claims of exemption.

17. During the administration of the Zaana Case, the Zaana Trustee received relief from the stay in the Gormans' respective cases to continue to pursue litigation of the Gorman Claims.

18. At this time, the Zaana Trustee is holding approximately $314,000.00 in the Zaana estate, which is administratively insolvent.

19. The Zaana Trustee has engaged in extensive settlement negotiations with Keith, the F. Gorman Trustee, the K. Gorman Trustee and the B. Gorman Trustee regarding their respective claims.

20. As a result of those negotiations, and subject to approval by this Court (in all three cases pending before this Court, as well as the New Hampshire Bankruptcy Court, as to Keith) the B. Gorman Trustee, the Zaana Trustee, Keith, the F. Gorman Trustee and SER have reached a compromise on allowance of the Gorman Claims.

21. The agreement is as follows: (1) Upon entry of final orders in each of the pending bankruptcy cases, the Zaana Trustee will distribute $42,500.00 to the B. Gorman Trustee; $42,500.00 to Keith Gorman as debtor in possession; and $22,500.00 to the F. Gorman Trustee. (2) These payments (referred to herein as the "Distributions") shall be in full satisfaction of the Gorman Claims. (3) Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee further specifically acknowledge that these payments are in settlement of disputed claims and do not constitute payment of wages, and that none of the Parties or their respective bankruptcy estates

will assert any claims for wages against the Zaana bankruptcy estate or the Zaana Trustee. (4) SER will not receive any distribution from the Zaana estate, and its interest in the SER Motion shall be deemed withdrawn with prejudice. (5) The parties will cross release each other, effective on the receipt of the Distributions.

22. Annexed hereto as <u>Exhibit "A"</u> is the Settlement Agreement, which has been executed by all parties, and which provides the full scope of the settlement.

23. In evaluating a settlement for the estate, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50 B.R. 931 (Bankr. D. Mass. 1985). A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

24. The Trustee believes that the compromise set forth herein satisfies these criteria, for a number of reasons.[1] In the F. Gorman Motion and the SER Motion, the claimants asserted claims totaling $366,000 for work performed during Zaana's Chapter 11 case that were essential to the construction and sales of the homes. The Zaana Trustee has acknowledged that work was performed. Conversely, as the Zaana Trustee and other parties have noted in objections to the F. Gorman Motion and the SER Motion, there are a number of potential objections, including but not limited to the following: the claims are insider claims; the claimants did not properly account for payments received; Bryan and Keith's claims are against SER, not Zaana; the

---

[1] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee, and the Trustee reserves all rights available to the estate if the compromise is not approved.

assertions of the claims are contrary to monthly operating reports filed during the Chapter 11 case; and SER owes over $300,000 to Zaana, which ought to be offset against any claim that might be allowed pursuant to the SER Motion.[2]

25. Keith, the F. Gorman Trustee and the B. Gorman Trustee all dispute the Zaana Trustee's contentions. They have also emphasized that payments to Keith, Bryan and Frank were budgeted line items (albeit not paid) in cash collateral motions filed with the Court in the Zaana Case.

26. While the Trustee has arguments in support of a higher recovery, there are a number of procedural and practical hurdles to litigating these disputed claims to final resolution. First, the Zaana Trustee has asserted that the Gorman Claims are subject to equitable subordination under Bankruptcy Code § 510(c). This Court has indicated that the Zaana Trustee would be required to commence adversary proceedings against the various claimants. That would both increase the expenses incurred in this case as well as cause further delay.

27. Second, the Zaana Case appears to be an administratively insolvent case. Were the Zaana Trustee to continue to litigate his objections to the SER Motion and the F. Gorman Motion, he would need to take multiple depositions, followed by what would likely be multiple days of evidentiary hearings. The Zaana Trustee's legal fees and expenses—Chapter 7 administrative claims—would erode the funds available to pay these claims. Similarly, in litigation for a higher recovery, the Trustee would incur substantial additional fees and expenses, which would likewise significantly diminish the ultimate return to creditors in this case.

28. Third, the benefit to the individual debtors is relatively minimal. B. Gorman will receive $10,739.00 on his exemption in his portion of the claim, while F. Gorman will only

---

[2] SER disputes the Zaana Trustee's allegations. It has also been represented to the Zaana Trustee that SER is no longer operating.

receive $6,000.00 on his exemption in his claim. The remainder will be available for distribution to the creditors of their respective estates.

29. Finally, the distribution is not inconsistent with the distribution principles of the Bankruptcy Code, which makes no distinction between professional and non-professional administrative claims. The Gorman Claims total $366,000. The distribution on account of those claims will be $107,500.00; thus, the distribution will be approximately 29 percent of those disputed claims. The unpaid Chapter 11 professional fee claims in the Zaana Case are in the amount of approximately $186,000.00. Factoring in a reserve of approximately $100,000 for chapter 7 fees and expenses, the distribution to allowed Chapter 11 professional fees in the Zaana Case will be approximately 50 percent of those claims.

30. For all of these reasons, the Trustee believes that the agreement described herein is in the best interests of the estate and should be approved.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 9019, and for cause shown, the Trustee respectfully prays:

1. That this Motion be allowed.

2. That the Trustee be authorized to execute such documents as are necessary to effectuate this agreement; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted this 17th day of July, 2023.

                                          JOSEPH H. BALDIGA,
                                        CHAPTER 7 TRUSTEE

                                        */s/ Joseph H. Baldiga*
                                        Joseph H. Baldiga, BBO #549963
                                        Mirick, O'Connell, DeMallie & Lougee, LLP
                                        1800 West Park Drive, Suite 400
                                        Westborough, MA  01581
                                        Phone: 508.898.1501
                                        Fax:    508.898.1502
Dated:  July 17, 2023                    Email: bankrupt@mirickoconnell.com

# Exhibit A

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this ____ day of July, 2023 by and among Steven Weiss solely in his capacity as chapter 7 trustee in the case of Zaana-17, LLC, and not personally ("the Zaana Trustee"), Keith Gorman, Debtor and Debtor in Possession ("K. Gorman"), Jonathan Goldsmith as Chapter 7 Trustee for the estate of Frank Gorman (the "F. Gorman Trustee"), Joseph Baldiga as Chapter 7 Trustee for the estate of Bryan Gorman (the "B. Gorman Trustee"), and Southern End Realty, LLC ("SER"), each a "Party" and collectively the "Parties."

## RECITALS

WHEREAS, On December 16, 2020 Zaana-17, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (Docket No. 20-41170-CJP), and the Trustee was appointed as Subchapter V Chapter 11 trustee;

WHEREAS, on April 21, 2022 the case was converted to a Chapter 7 case, and the Trustee was appointed as and now serves as Chapter 7 Trustee;

WHERAS, on February 16, 2022 Keith Gorman, Bryan Gorman and SER jointly filed an Application for Allowance of Administrative Claim [docket no. 215, the "SER Claim"];

WHEREAS, on March 15, 2022 Frank Gorman filed a Motion for Allowance of Administrative Claim [docket no. 223, the "F. Gorman Claim"];

WHEREAS, the Zaana Trustee has filed objections to the allowance of the SER Claim and the F. Gorman Claim;

WHEREAS, on November 15, 2022 K. Gorman filed a petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Hampshire (Docket No. 22-10563-BAH);

WHEREAS, on December 12, 2022 the Zaana Trustee filed his Second Motion for Approval of Agreement Concerning Certain Unsecured Claims [Docket No. 332, the "Compromise Motion");

WHEREAS, on January 10, 2023 the Zaana Trustee withdrew the Compromise Motion, and has engaged in discovery regarding the SER Claim and the F. Gorman Claim;

WHEREAS, on March 30, 2023 Bryan Gorman filed a petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts [Case No. 23-40248-CJP], and the B. Gorman Trustee was appointed and serves as Chapter 7 Trustee;

WHEREAS, on March 31, 2023 Frank Gorman filed a petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts

[Case No. 23-40257-CJP], and the F. Gorman Trustee was appointed and serves as (successor) Chapter 7 Trustee;

WHEREAS, Keith Gorman and Bryan Gorman each hold 50 percent membership interests in SER, which are part of their respective bankruptcy estates; and

WHEREAS, the Parties now wish to settle the various disputes;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties covenant and agree as follows:

1.   Upon execution of this Settlement Agreement by the Parties, the Zaana Trustee, the B. Gorman Trustee, the F. Gorman Trustee and Keith Gorman shall file motions for approval of this Settlement Agreement in each of the respective bankruptcy cases.

2.   Upon approval of this Settlement Agreement in all of the pending bankruptcy cases, the Zaana Trustee will distribute the sum of $42,500.00 to William S. Gannon, as counsel to Subchapter V Debtor Keith Gorman; $42,500.00 to the B. Gorman Trustee; and $22,500.00 to the F. Gorman Trustee. These payments (referred to herein as the "Distributions") are in full satisfaction of the SER Claim and the F. Gorman Claim. For avoidance of uncertainty, no payment shall be made to SER, and its interest in the SER Claim shall be deemed withdrawn. Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee further specifically acknowledge that these payments are in settlement of disputed claims and do not constitute payment of wages, and that none of the Parties or their respective bankruptcy estates shall assert claims for wages against the Zaana bankruptcy estate or the Zaana Trustee following this settlement. The Parties further acknowledge and agree that any tax consequences concerning the Distributions will be borne by their respective bankruptcy estates.

3.   Timing of Payment: The Distributions shall be paid by the Zaana Trustee by check within five (5) days after the Effective Date of this Agreement, as defined below.

4.   Release Provisions: Upon issuance and receipt of the Distributions (the "Payment Date"), each of the Zaana Trustee, on the one hand, and Keith Gorman, the B. Gorman Trustee and the F. Gorman Trustee, on the other hand (the "Gorman Releasees"), for themselves and their heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Zaana Trustee and the Gorman Releasees (as applicable) and their agents, employees, representatives, beneficiaries, trustees, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it or them now has, has ever had or may hereafter have against the other in respect of any period on or prior to the Payment Date that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with Zaana-17, LLC

(collectively, the "*Released Claims*"), except for those arising from, out of or incidental to a breach of or default under this Agreement.

5.  Upon making the payments as set forth above, Trustee and his counsel will file withdrawals of appearance in the Keith Gorman Bankruptcy Case, and acknowledge that the Trustee has no further claims against Keith Gorman or his bankruptcy estate or any further interest in his bankruptcy estate.

6.  Condition Precedent To The Parties' Obligations: The Parties' obligations and the releases given herein shall be binding and effective on the first calendar day following the date on which the Orders become final and unappealable in each of the bankruptcy cases, which date shall be the "Effective Date" of this Agreement and the payments have been received by counsel for Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee.

7.  Impact of Failure of Condition Precedent: This Agreement will terminate and be of no further force and effect in the event that the condition precedent set forth in the immediately preceding paragraph is not satisfied.

8.  Effect of Termination: In the event this Agreement terminates lawfully due to the failure of the United States Bankruptcy Courts for the District Courts of Massachusetts and New Hampshire to approve the Settlement Agreement or any other express condition precedent for any reason, this Agreement will be null and void in its entirety, none of the Parties will have any obligations to any other Party arising herefrom, and nothing contained herein will have any preclusive or prejudicial effect upon any of the Parties.

9.  Successors and Assigns: The rights, obligations, benefits and privileges created under this Agreement will be binding upon, and inure to the benefit of, each of the Parties and their respective successors and assigns.

10. No Admissions: This Agreement will not constitute, be interpreted to be, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, or to estop any Party, except to the extent expressly provided herein.

11. Authority: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of the Settlement Approval Orders, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

12. Entire Agreement: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof. This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

13. Counterparts: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

14. <u>Amendments</u>: This Agreement may be amended or otherwise modified only in writing, executed by all Parties; <u>provided</u>, <u>however</u>, that any material modification will require the prior approval of the Massachusetts Bankruptcy Court and the New Hampshire Bankruptcy Court, as the case may be.

15. <u>Bankruptcy Court Jurisdiction</u>: The Bankruptcy Courts will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to, this Agreement.

16. <u>Governing Law</u>: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this ___ day of July, 2023.

**[SIGNATURE PAGE TO FOLLOW]**

|  |  |
|---|---|
| July 14, 2023<br>Date | STEVEN WEISS,<br>CHAPTER 7 TRUSTEE FOR<br>ZAANA-17, LLC<br>By: /s/ *signature* |
| _____<br>Date | JONATHAN GOLDSMITH,<br>CHAPTER 7 TRUSTEE FOR<br>FRANK GORMAN<br>By: _____ |
| 7/10/2023<br>Date | JOSEPH BALDIGA,<br>CHAPTER 7 TRUSTEE FOR<br>BRYAN GORMAN<br>By: /s/ *signature* |
| 7/11/23<br>Date | KEITH GORMAN<br>DEBTOR IN POSSESSION<br>By: /s/ *signature*<br>KEITH GORMAN |
| 7/10/2023<br>Date | SOUTHERN END REALTY, LLC<br>By: /s/ *signature*<br>Keith Gorman, Manager<br>/s/ *signature*<br>Joseph Baldiga, as<br>Chapter 7 Trustee for<br>Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

5

|  |  |
|---|---|
| _____<br>Date | STEVEN WEISS,<br>CHAPTER 7 TRUSTEE FOR<br>ZAANA-17, LLC<br><br>By: _____ |
| 7/10/2023<br>Date | JONATHAN GOLDSMITH,<br>CHAPTER 7 TRUSTEE FOR<br>FRANK GORMAN<br><br>By: *[signature]* |
| _____<br>Date | JOSEPH BALDIGA,<br>CHAPTER 7 TRUSTEE FOR<br>BRYAN GORMAN<br><br>By: _____<br><br>KEITH GORMAN<br>DEBTOR IN POSSESSION |
| _____<br>Date | By: _____<br>KEITH GORMAN |
| _____<br>Date | SOUTHERN END REALTY, LLC<br><br>By: _____<br>Keith Gorman, Manager<br><br>_____<br>Joseph Baldiga, as<br>Chapter 7 Trustee for<br>Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

|  |  |
|---|---|
|  | STEVEN WEISS,<br>CHAPTER 7 TRUSTEE FOR<br>ZAANA-17, LLC |
| _____<br>Date | By: _____ |
|  | JONATHAN GOLDSMITH,<br>CHAPTER 7 TRUSTEE FOR<br>FRANK GORMAN |
| _____<br>Date | By: _____ |
|  | JOSEPH BALDIGA,<br>CHAPTER 7 TRUSTEE FOR<br>BRYAN GORMAN |
| 7/10/2023<br>Date | By: *[signature]* _____ |
|  | KEITH GORMAN<br>DEBTOR IN POSSESSION |
| _____<br>Date | By: _____<br>KEITH GORMAN |
|  | SOUTHERN END REALTY, LLC |
| 7/10/2023<br>Date | By: _____<br>Keith Gorman, Manager<br><br>*[signature]*<br>_____<br>Joseph Baldiga, as<br>Chapter 7 Trustee for<br>Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**BRYAN GORMAN,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40248-CJP** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023 I caused copies of the following documents to be served upon each party noted on the attached Service List by First-Class United States mail, postage pre-paid, or as otherwise noted on the attached Service List:

Motion of Chapter 7 Trustee for Approval of Settlement of Administrative Claims Asserted Against Zaana-17, LLC by Frank Gorman, Bryan Gorman, Keith Gorman, and Southern End Realty, LLC.

                                                  */s/ Joseph H. Baldiga*
                                                  Joseph H. Baldiga, BBO #549963
                                                  Mirick, O'Connell, DeMallie & Lougee, LLP
                                                  1800 West Park Drive, Suite 400
                                                  Westborough, MA 01581
                                                  Phone: 508.898.1501
                                                  Fax:   508.898.1502
Dated: July 17, 2023                            Email: bankrupt@mirickoconnell.com

**SERVICE LIST**

**Bryan Gorman, Debtor**
**Chapter 7, Case No. 23-40248-CJP**

| | | |
|---|---|---|
| Richard T. King, Esq.<br>Assistant U.S. Trustee<br>Office of U.S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608<br>(U.S. Trustee)<br>**VIA ECF** | Internal Revenue Service<br>Special Process Unit<br>P.O. Box 9112<br>Stop 20800<br>Boston, MA 02203<br>(Taxing Authority) | Commonwealth of Massachusetts<br>Department of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 7090<br>Boston, MA 02204-7090<br>(Taxing Authority) |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>(Taxing Authority) | United States Attorney<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210<br>(U.S. Attorney) | Bryan Gorman<br>90 Loon Hill Road<br>Dracut, MA 01826<br>(Debtor) |
| Marques C. Lipton, Esq.<br>Lipton Law Group<br>945 Concord Street<br>Framingham, MA 01701<br>(Debtor's Counsel)<br>**VIA ECF** | Edmond J. Ford, Esq.<br>Ford, McDonald & Borden, P.A.<br>10 Pleasant Street, Suite 400<br>Portsmouth, NH 03801<br>(Counsel to Francis and Patricia Provencher/NOA)<br>**VIA ECF** | Steven Weiss, Esq.<br>Shatz, Schwartz and Fentin, P.C.<br>1441 Main Street<br>Springfield, MA 01103<br>(Counsel to Bankruptcy Estate of Zaana-17, LLC/NOA) |
| George C. Malonis, Esq.<br>George C. Malonis, P.C.<br>14 Loon Hill Road<br>Dracut, MA 01826<br>(Counsel to Silva Bros. Investments, Inc./NOA)<br>**VIA ECF** | Aggretech<br>50 Jackson Street<br>Dracut, MA 01826<br>(Schedule F) | Benson Lumber Company<br>6 Martin Street<br>Derry, NH 03038<br>(Schedule F) |
| Bouchard, Leinman & Wright, P.A.<br>799 Mammoth Road<br>Manchester, NH 03104<br>(Schedule F) | Bouley Paving<br>52 Bolton Street<br>Lowell, MA 01852<br>(Schedule F) | BPI Construction<br>PO Box 2698<br>Natick, MA 01760<br>(Schedule F) |

## SERVICE LIST

**Bryan Gorman, Debtor**
**Chapter 7, Case No. 23-40248-CJP**

| | | |
|---|---|---|
| CAN Capital<br>1850 Parkway Place, Suite 1150<br>Mariette, GA 30067<br>(Schedule F) | Capital One<br>PO Box 31293<br>Salt Lake City, UT 84131<br>(Schedule F) | Caterpillar Financial Services Corp.<br>c/o Thomas McCraw<br>Freeman Mathis & Gary<br>60 State Street<br>Boston, MA 02109<br>(Schedule F) |
| Elmers Plastering<br>111 Irving Street<br>Everett, MA 02149<br>(Schedule F) | Flores Painting<br>50 Allston Street<br>Somerville, MA 02143<br>(Schedule F) | Heider Building Assoc.<br>PO Box 217<br>Tewksbury, MA 01876<br>(Schedule F) |
| J&J HVAC<br>17 Arlington Street<br>Dracut, MA 01826<br>(Schedule F) | Jack's Flooring<br>1 Inwood Lane<br>Woburn, MA 01801<br>(Schedule F) | JP Brown Excavation<br>1485 Hildreth Street<br>Dracut, MA 01826<br>(Schedule F) |
| Knight Capital Funding<br>110 SE 6th Street<br>Fort Lauderdale, FL 33316<br>(Schedule F) | Komatsu Financial Limited Partnership<br>Route 50<br>Bridgeville, PA 15017<br>(Schedule F) | Life Safety Fire Protection, Inc.<br>97 Lower Jaffrey Road<br>Dublin, NH 03444<br>(Schedule F) |
| Maureen Appleyard, Trustee<br>The 59 Newhall Street Realty Trust<br>5 Riverview Hill<br>Essex, MA 01929<br>(Schedule F) | McKinney Well Co.<br>18 Newton Road<br>Plaistow, NH 03865<br>(Schedule F) | Nelia Benjamin<br>130 Lawrence Street<br>Salem, NH 03079<br>(Schedule F) |
| On Deck Funding<br>1400 Broadway, 25th Floor<br>New York, NY 10018<br>(Schedule F) | Powerhouse Plumbing<br>PO Box 896<br>Plaistow, NH 03865<br>(Schedule F) | Quality Insulation<br>110 Perimeter Road<br>Nashua, NH 03063<br>(Schedule F) |
| Sassoon & Cymrot Law, LLC<br>84 State Street #820<br>Boston, MA 02109<br>(Schedule F) | Saturn Encore Funding<br>c/o Isreal Weinstein<br>499 Chestnut Street, Suite 213<br>Cedarhurst, NY 11516<br>(Schedule F) | Skillings and Sons, LLC<br>9 Colombia Drive<br>Amherst, NH 03031<br>(Schedule F) |

## SERVICE LIST

**Bryan Gorman, Debtor**
**Chapter 7, Case No. 23-40248-CJP**

| | | |
|---|---|---|
| U.S. Small Business Administration<br>SBA Disaster Loan Services Center<br>2 North 20th Street, Suite 320<br>Birmingham, AL 35203<br>(Schedule F) | Village Electric<br>9C Kidder Road<br>Chelmsford, MA 01824<br>(Schedule F) | Windmill Equipment Company<br>3 International Road<br>Windham, NH 03087<br>(Schedule F) |
| Southern End Realty, LLC<br>1105 Lakeview Avenue<br>Dracut, MA 01826<br>(Schedule H) | William S. Gannon, Esq.<br>William S. Gannon PLLC<br>740 Chestnut Street<br>Manchester, N.H. 03104 | Jonathan Goldsmith, Esq.<br>Goldsmith, Katz & Argenio, P.C.<br>1350 Main Street<br>Springfield, MA 01103 |